**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey 08540
Terry D. Johnson, Esq.
Rudolph J. Burshnic II, Esq.
(609) 919-6689
terry.johnson@morganlewis.com
rudolph.burshnic@morganlewis.com
*Attorneys for Defendant Aramark Uniform & Career Apparel, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENDY BRITO,<br><br>            Plaintiff,<br><br>v.<br><br>ARAMARK UNIFORM SERVICES, ABC CORPORATIONS NOS. 1-5, and JOHN DOES NOS. 1-5, in both their professional and personal capacity,<br><br>            Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>*ELECTRONICALLY FILED* |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. Sections 1331, 1332, 1441, and 1446, Defendant Aramark Uniform & Career Apparel, LLC (improperly plead as "Aramark Uniform Services") (referred to herein as "Defendant" or "Aramark"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Union County.  The grounds for removal are as follows:

1.      In accordance with Local Civil Rule 10.1(a), the addresses of the named parties are as follows:

(a) Plaintiff Endy Brito ("Plaintiff") alleges in his Complaint that he is a resident of Paterson, New Jersey, and is represented by Howard A. Vex, Esq. of Vex Law, LLC, Waterview Plaza, 2001 Route 46, Suite 206, Parsippany, New Jersey 07054.

(b) Defendant is incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California and is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

## Procedural History

2. On January 8, 2019, Plaintiff commenced a civil action by filing a complaint in the Superior Court of New Jersey, Law Division, Union County, captioned as *Endy Brito v. Aramark Uniform Services, et al.*, Docket No. UNN-L-108-19 (the "Complaint"). The Complaint asserts claims arising under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Act ("NJWPA"), the New Jersey Conscientious Employee Protection Act ("CEPA"), and the New Jersey Law Against Discrimination ("LAD"). A copy of the Complaint with its accompanying Case Information Statement is attached as **Exhibit 1**.

3. Aramark's undersigned counsel accepted service of the Complaint on January 31, 2019. A copy of the Acknowledgment of Service is attached as **Exhibit 2**.

4. The other proceedings that have been held in the Superior Court of New Jersey include the following: the court's issuance on January 9, 2019 of a Track Assignment Notice, the court's issuance on January 9, 2019 of a Deficiency Notice regarding the Complaint, the court's issuance on January 28, 2019 of a Notice of Dismissal, Plaintiff's Motion to Correct Metadata on January 30, 2019, Plaintiff's filing of the Acknowledgment of Service on February 5, 2019, and the court's Order dated February 15, 2019 granting Plaintiff's Motion to Correct Metadata.

5.       No other proceedings have been held in the Superior Court of New Jersey, and the Complaint and Case Information Statement attached as Exhibit 1, the Acknowledgment of Service attached as Exhibit 2, and the copy of the Track Assignment Notice, Deficiency Notice regarding the Complaint, Notice of Dismissal, Plaintiff's Motion to Correct Metadata, and the Court's Order granting Plaintiff's Motion to Correct Metadata attached as composite **Exhibit 3** constitute all process, pleadings, and orders received by or served on Aramark, or of which Aramark is otherwise aware.

## Grounds for Removal

6.       Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.       Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

8.       Federal district courts also have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**Diversity Jurisdiction**

9.       Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

10.      Plaintiff is a citizen of the State of New Jersey. *See* Compl. ¶ 1.

11. The citizenship of an LLC is determined by the citizenship of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Aramark Uniform & Career Apparel, LLC's sole member is Aramark Uniform & Career Apparel, Inc. Under 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Aramark Uniform & Career Apparel, Inc. is a Delaware corporation with its principal place of business in California. Accordingly, Defendant is a citizen of Delaware and California for purposes of diversity.

12. While Plaintiff does not quantify the amount of damages he seeks to recover, it does not appear to a legal certainty that he cannot recover at least $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case will only be remanded if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."). In the Complaint, Plaintiff seeks, among other relief, (1) back pay, (2) front pay, (3) emotional distress damages, (4) punitive damages, and (5) attorneys' fees and costs.

13. Accordingly, it does not appear to a legal certainty that Plaintiff cannot recover at least $75,000. Plaintiff seeks, in addition to at least 13 months of back pay, a myriad of other damages. *See Rodriguez v. Burlington Cty. Corr. Dep't*, No. 1:14-CV-04154 NLH-JS, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), *reconsideration dismissed*, 2015 WL 5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 even if the plaintiff received only $10,000 in lost wages where the plaintiff also sought compensatory damages for fringe benefits, front pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation

damages, punitive damages, and attorney's fees); *Uddin v. Sears, Roebuck & Co.*, No. CIV.A. 13-6504 JLL, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff could potentially recover two months of back pay (about $11,100), punitive damages, and attorney's fees such that his total damages could exceed the jurisdictional threshold).

14. Because the parties are diverse, and it does not appear to a legal certainty Plaintiff cannot recover at least $75,000, this action is properly removed on diversity grounds.

**Federal Question Jurisdiction**

15. Defendant may also remove this case to this Court because Plaintiff asserts a claim arising under federal law, the FLSA, 29 U.S.C. § 201, *et. seq*. *See* Compl., Count One.

16. This Court has supplemental jurisdiction over Plaintiff's claims under the NJWHL, NJWPA, CEPA, and LAD because these claims are related to Plaintiff's FLSA claim such that they "form part of the same case or controversy" as they arise out of Plaintiff's employment with Aramark and/or termination of that employment. *See* 28 U.S.C. § 1367(a).

## Venue

17. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Union County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl.

**Timing of Removal**

18. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because 30 days have not expired since Aramark's counsel accepted service of the Complaint on January 31, 2019.

**Conclusion**

19. This action is hereby removed to the United States District Court for the District of New Jersey in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

20. According to the provisions of 28 U.S.C. § 1446(a), Aramark attaches to this Notice of Removal and incorporates by reference copies of all of the process, pleadings, and orders served on Aramark before its removal of this action or of which Aramark is otherwise aware, which are attached as Exhibits 1, 2, and 3.

21. By filing a Notice of Removal, Aramark does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

22. Further, Aramark respectfully requests an opportunity to submit additional argument if Plaintiff challenges this Notice of Removal and such argument becomes necessary.

23. As required by 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal will be promptly served on Howard A. Vex, Esq., counsel for Plaintiff, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Superior Court of New Jersey, Union County.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Aramark Uniform & Career Apparel, LLC hereby removes this case from the Superior Court of New Jersey, Law Division, Union County, and this Court has jurisdiction over further proceedings.

|  |  |
|---|---|
|  | MORGAN, LEWIS & BOCKIUS LLP |
| Dated: March 1, 2019 | s/ Terry D. Johnson<br>Terry D. Johnson<br>Rudolph J. Burshnic II<br>502 Carnegie Center<br>Princeton, New Jersey 08540<br>Telephone: (609) 919-6600<br>Facsimile: (609) 919-6701<br>terry.johnson@morganlewis.com<br>rudolph.burshnic@morganlewis.com<br><br>*Attorneys for Defendant Aramark Uniform & Career Apparel, LLC* |

## **CERTIFICATION**

In accordance with Local Civil Rule 11.2, the undersigned hereby certifies that the claims in this matter are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action that is being removed.

MORGAN, LEWIS & BOCKIUS LLP

Dated: March 1, 2019                              s/ Terry D. Johnson
                                                  Terry D. Johnson
                                                  Rudolph J. Burshnic II
                                                  502 Carnegie Center
                                                  Princeton, New Jersey 08540
                                                  Telephone: (609) 919-6600
                                                  Facsimile: (609) 919-6701
                                                  terry.johnson@morganlewis.com
                                                  rudolph.burshnic@morganlewis.com

                                                  *Attorneys for Defendant Aramark Uniform &*
                                                  *Career Apparel, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing Notice of Removal with attached exhibits was filed via the ECF filing system and served by email on the following:

> Howard A. Vex, Esq.
> Vex Law LLC
> 2001 Route 46, Suite 206
> Parsippany, New Jersey 07054

Dated: March 1, 2019

s/ Terry D. Johnson