# EXHIBIT 1

Howard A. Vex, Esq. (N.J. Bar # 017731991)
**VEX LAW, LLC**
Waterview Plaza
2001 Route 46, Suite 206
Parsippany, New Jersey 07054
(973) 402-5200

*Attorneys for Plaintiff Endy Brito*

| | |
|---|---|
| ENDY BRITO,<br><br>    Plaintiff,<br><br>v.<br><br>ARAMARK UNIFORM SERVICES,<br>ABC CCOPORATIONS NOS. 1-5,<br>and JOHN DOES NOS. 1-5, in both<br>their professional and personal capacity,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – UNION COUNTY<br><br>Docket No.:<br><br>*Civil Action*<br><br>**CIVIL COMPLAINT AND**<br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Endy Brito, by way of Complaint against Defendants Aramark Uniform Services, ABC Corporations 1-5 and John Does 1-5, asserts as follows:

**THE PARTIES**

1. Plaintiff Endy Brito ("Mr. Brito") lives in Paterson, New Jersey and was employed by Defendants from March of 2012 until his termination on January 9, 2018. He was assigned to Defendants' Union County facility at the time of his termination, which is located at 1060 Geib Avenue, Union, New Jersey.

2. Defendant Aramark Uniform Services is an out-of-state corporation that conducts ongoing business operations in the State of New Jersey related to the provision and maintenance of work uniforms. Plaintiff also names ABC Corporations 1-5 and John

1

Does 1-5 as Defendants, which are fictitious names, for parties whose precise names are not now known, who may be named later as permitted by the Rules of Court.

## FACTS COMMON TO ALL COUNTS

3. Mr. Brito was repeatedly subjected to discriminatory treatment and retaliation during his nearly six years of employment with Defendants.

4. He was given undesirable work assignments, was often ignored by his superiors when he requested work assistance and was repeatedly punished as a result of complaints regarding perceived unlawful practices of his superiors.

5. As examples, Mr. Brito complained to his superiors about unsafe working conditions and repeatedly complained to Human Resources about perceived illegal mistreatment of himself and others on the job, including, but not limited to, Manager Steven Negrotti's blatant disregard of truck safety requirements and Manager James McDowell's discrimination against Haitian and other minority employees.

6. Unfortunately, as a direct and foreseeable result of the above-referenced complaints, Mr. Brito was subjected to unlawful retaliation, including, but not limited to, his involuntary transfer from Newark to Union, although employees with less seniority were available, a 2016 termination that upper management was forced to retract when the witnesses confirmed Mr. Brito's version of events, an unjustified performance warning in November of 2017 and, when all the criticisms therein were dispelled by late 2017, the concoction of harsh pretextual allegations to "justify" his immediate discharge on January 9, 2018.

7. As a direct and foreseeable result of Defendants' acts and omissions, which are alleged to be in blatant violation of both state and federal law, Mr. Brito has suffered and continues to suffer significant damages and remains unemployed at the time of the filing of this Complaint.

2

## COUNT ONE

### Violation of the Fair Labor Standards Act and New Jersey Wage and Hour Law and Wage Payment Law

8. Mr. Brito incorporates by reference the assertions set forth in the preceding paragraphs as if they were reasserted at length herein.

9. Although Plaintiff was assigned certain supervisory responsibilities during his employment with Defendants, more than 50% of his assigned work regularly consisted of hourly blue color tasks, mandating compliance with the state and federal minimum wage and overtime requirements.

10. Throughout Plaintiff's employment with Defendants, Plaintiff was required to work many hours for which he received no compensation, including, but not limited to, early morning hours and other overtime hours that regularly resulted in total weekly hours worked well beyond 40 hour per week, with no extra pay or overtime premiums for these extra hours worked.

11. These actions and omissions by Defendants constitute violations of the Fair Labor Standards Act, New Jersey's Wage and Hour Law, including but not limited to, 29 U.S.C. §207, N.J.S.A. 34:11-56a4.

12. Defendants, including any individually named Defendants which may be named later, are jointly and severally liable for the unlawful underpayment of Mr. Brito during the three (3) year time frame that preceded the filing of this Complaint for both unpaid wages for all hours worked and unpaid overtime premiums for all hours worked beyond 40 hours in each week worked, with the outstanding wages due to be determined through discovery.

13. Upon the filing of this litigation, Defendants also jointly and severally assumed liability to Mr. Brito for an equal and additional amount of liquidated damages to

3

that of the back wages due and/or pre-judgment and post-judgment interest on all unpaid back wages. See 29 U.S.C. §216.

14. Defendants are also liable to Mr. Brito for his reasonable attorney fees and costs incurred in this litigation. See 29 U.S.C. §216 and N.J.S.A. 34:11-56a25.

**WHEREFORE**, Mr. Brito demands judgment be issued, jointly and severally, against Defendants as follows:

a. All unpaid and/or underpaid wages and overtime premiums due for all compensable hours worked by Mr. Brito on behalf of Defendants;

b. An additional equal amount as liquidated damages;

c. Statutory interest on all amounts due to the fullest extent permitted by law;

d. Fair Labor Standards Act fines in the amount of $10,000 as well as all other available Federal and State penalties to the maximum extent permitted by law;

e. Reasonable attorney fees and costs of suit; and

f. Such other legal and equitable relief that the Court may deem just and proper.

## COUNT TWO

### Violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*

15. Mr. Brito incorporates by reference the assertions set forth in the preceding paragraphs as if they were reasserted at length herein.

16. Pursuant to N.J.S.A. 34:19-3, Defendants were prohibited by law from taking any retaliatory action against an employee because that employee "objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes . . . is in violation of a law, or a rule or regulation promulgated pursuant to law."

17. Defendants' adverse employment actions against Mr. Brito, including but not limited to his termination on January 9, 2018, constitute unlawful retaliation in response to Mr. Brito's complaints regarding perceived unlawful actions by his superiors, in violation of the New Jersey Conscientious Employee Protection Act.

4

18. Moreover, it is clear that Defendants engaged in said unlawful retaliation against Mr. Brito knowingly, with malice, and with reckless indifference to his employment rights, compelling the imposition of punitive damage.

**WHEREFORE,** Mr. Brito demands judgment be issued, jointly and severally, against Defendants as follows:

a. Lost back pay;
b. Lost front pay;
c. Other compensatory damages;
d. Statutory interest on all amounts due to the fullest extent permitted by law;
e. Mental Anguish and Humiliation damages;
f. Punitive Damages;
g. Reasonable attorney fees and costs of suit; and
h. Such other legal and equitable relief that the Court may deem just and proper.

### COUNT THREE

### Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

19. Mr. Brito incorporates by reference the assertions set forth in the preceding paragraphs as if they were reasserted at length herein.

20. Pursuant to N.J.S.A. 10:5-12, employers are prohibited by law from discriminating against an employee based on his protected status under the law, such as Plaintiff's national origin (Dominican), and are prohibited from taking retaliatory action against an employee because that employee objects to any activity or practice which the employee reasonably believes is in violation of the anti-discrimination law.

21. Defendants' ongoing mistreatment of Mr. Brito and adverse employment actions against Mr. Brito, including but not limited to, significant harassment and abuse on the job, the involuntary transfer from Newark to Union, the retracted termination in 2016,

5

the unjustified disciplinary warning in November of 2017, and the pretextual termination on January 9, 2018, all constituted unlawful retaliation in blatant violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

22. Moreover, it is clear that Defendants engaged in all said acts of unlawful retaliation against Mr. Brito knowingly, with malice, and with reckless indifference to his employment rights, compelling the imposition of punitive damage.

**WHEREFORE,** Mr. Brito demands judgment be issued, jointly and severally, against Defendants as follows:

a. Lost back pay;
b. Lost front pay;
c. Other compensatory damages;
d. Statutory interest on all amounts due to the fullest extent permitted by law;
e. Mental Anguish and Humiliation damages;
f. Punitive Damages;
g. Reasonable attorney fees and costs of suit; and
h. Such other legal and equitable relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands Trial by Jury on all issues as alleged against Defendants in this litigation.

VEX LAW, LLC<br>
*Attorneys for Plaintiff Endy Brito*<br>
By: /s/ Howard Vex<br>
Howard A. Vex, Esq.

Dated: January 7, 2019

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-000108-19**

**Case Caption:** BRITO ENDY VS ARAMARK UNIFORM SERV ICES
**Case Initiation Date:** 01/08/2019
**Attorney Name:** HOWARD A VEX
**Firm Name:** VEX LAW, LLC
**Address:** WATERVIEW PLZ 2001 ROUTE 46 STE 206 PARSIPPANY NJ 07054
**Phone:**
**Name of Party:** PLAINTIFF : Brito, Endy
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/08/2019                                                                                   /s/ HOWARD A VEX
Dated                                                                                         Signed